11 JONES, J.,
concurring in part and dissenting in part with reasons.
I concur with the majority for the sole purpose of granting relator’s writ application. ’ However, I dissent from the majori *964 ty’s conclusion that the alleged inculpatory statement by this juvenile should have been admitted. The trial judge’s rejection of the alleged inculpatory statement under the Dino standard without a separate determination of whether the statement was otherwise knowingly and voluntarily given was erroneous.
The fact that the minor’s mother was present prior to the taking of the juvenile’s statement is irrelevant. In fact, the only record we have before us that the mother was even in the room with her child is the testimony of Detective Walsh. Though Det. Walsh’s testimony seem to indicate that the juvenile waived his right to counsel,. trial and appeal, I hesitate to recommend juvenile life for this defendant when the only neutral person who could have corroborated or disputed Det. Walsh’s statement, the juvenile’s mother, was not called to testify.
Nevertheless, the error made in the instant matter is the same error that was committed by the trial court in Fernandez. Therefore, like the Supreme Court holding in Fernandez, I would remand this ease to the trial court with directions to‘ have trial judge reconsider the Motion to Suppress the Confession under the totality of the circumstances standard.